IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

| | |
|---|---|
| **SHANE FOWLER and KELVIN TAYLOR,** <br><br> Plaintiffs, <br><br> vs. <br><br> **NORFOLK SOUTHERN RAILWAY COMPANY, LEWIS WARE, DIANNE BARNETT and STEPHEN WEATHERMAN,** <br><br> Defendants. | Civil Action Number: <br><br> _____ <br><br> ***Jury Trial Demanded*** |

## COMPLAINT

COME NOW, the Plaintiffs, Shane Fowler and Kelvin Taylor ("Plaintiffs"), who allege the following facts and causes of action against the Defendants, Norfolk Southern Railway Company ("NS"), Lewis Ware ("Ware"), Dianne Barnett ("Barnett"), and Stephen Weatherman ("Weatherman").

### Parties, Jurisdiction & Venue

1. Plaintiff, Shane Fowler ("Fowler or Plaintiff") is an adult resident citizen of Eden, Georgia and at all times material to this complaint was an employee of NS and a car inspector at NS's Savannah, Georgia facility.

1

2. Plaintiff, Kelvin Taylor ("Taylor or Plaintiff") is an adult resident citizen of Millen, Georgia and at all times material to this complaint was an employee of NS and a car inspector at NS's Savannah, Georgia facility.

3. Defendant NS is a corporation organized under the laws of the State of Virginia with a principal place of business in the State of Virginia.

4. Defendant Lewis Ware, at all times material to this complaint, was the Senior General Forman of the Savannah Mechanical Shop.

5. Defendant Dianne Barnett, at all times material to this complaint, was an NS Division Manager Mechanical Operations and Ware's immediate supervisor. Barnett's business address is Atlanta, Georgia.

6. Defendant Weatherman, at all times material to this complaint, was an NS Ethics & Compliance officer whose business address is in Norfolk, Virginia.

7. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the cause of action at issue is authorized to be filed in the U.S. District Court by the Federal Rail Safety Act, 49 U.S.C. § 20109(d)(3) ("FRSA").

8. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391(b)(1),(c)(2),(d) because NS resides in this division and district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this division and district.

## Facts

9. On August 15, 2018, Fowler and Taylor "bad ordered" two rail cars (BKTY 152743 and BKTY 153453) due to the swing gates failing to properly cover the cross key on two of the couplers. These were Federal Railroad Administration ("FRA") defects and safety hazards. This action was a protected activity under FRSA.

10. Ware threatened Fowler and Taylor with discipline if they did not remove the "bad order" tags from the two BKTY freight cars.

11. On August 16, 2018, Fowler and Ware had a recorded conversation regarding the release of bad ordered cars with damaged swing gates.

12. Ware harassed and attempted to intimidate Fowler and Taylor into not bad ordering cars in order to avoid delays in properly repairing freights cars found to be defective.

13. On September 19, 2018, freight car GATX 32106 was bad ordered for a defective cut lever. On that same night, Ware violated the blue flag law when he and another NS supervisory employee made repairs to the car without proper blue flag protection, which protection was required by regulations promulgated pursuant to the Federal Rail Safety Act. On information and belief, Ware pulled the bad order tag from the car.

14. On October 1, 2018, Plaintiffs called the NS Ethics and Compliance hotline and reported to Weatherman numerous issues with Ware as a supervisor, including, but not limited to, removing bad order tags, sending defective freight cars out of Savannah on trains, harassment of Plaintiffs, disparate treatment, and division of workload, and other FRSA violations. This report contained reports of federal safety law violations, hazardous work conditions and other ethics violations. This call was a protected activity under FRSA.

15. On October 4, 2018, Barnett, who is Ware's immediate supervisor, began an investigation of the issues reported by Plaintiffs to Weatherman on October 1, 2018.

16. During this investigation, Plaintiffs repeated the charges and reports noted above to Barnett and gave her a copy of the tape of the Ware-Fowler conversation. These reports to Barnett were protected activity within the meaning of FRSA.

17. On November 6, 2018, Barnett emailed her report to Weatherman outlining her findings related to Plaintiffs' reports of safety law violations, hazardous conditions and ethics and compliance complaints.

18. On November 14, 2018, Ware accused Plaintiffs of a blue flag violation and removed Plaintiffs from service. These were improper, illegal adverse actions within the meaning of 49 U.S.C. § 20109.

19. On November 15, 2018, Plaintiffs received the START letter notifying them of the START conference to be held on November 17, 2018. These were improper, illegal adverse actions within the meaning of 49 U.S.C. § 20109.

20. On November 17, 2018, Plaintiffs attended the START conference and, ultimately accepted the punishment offer.

21. Shortly after, Ware and another NS supervisor confronted Fowler and Taylor at the carman's shack in an attempt to provoke a reaction from Fowler and Taylor which could be the basis of another discipline charge. Soon thereafter Fowler overheard Ware tell the other NS supervisor that Barnett had him set up Fowler and Taylor on the blue flag charge, citing, Fowler understood, his and Taylor's report to NS and Weatherman.

22. On November 19, 2018, Weatherman wrote to Plaintiffs stating that the NS ethics investigation was complete, and that Ware had not committed any offenses as reported by Plaintiffs. This report was contrary to the facts and was an adverse action within the meaning of FRSA.

23. On September 4, 2019, the Regional Administrator of the Federal Railroad Administration, Carman Patriarca, wrote Plaintiffs' counsel, Mr. William Tucker, notifying him that Defendant NS would be charged with the blue flag violation related to car GATX 32106. The FRA found that GATX 32106 was repaired without proper blue flag protection for workers on, under, or between

rolling equipment, which is confirmed in the above referenced letter to the undersigned.

24. NS and Ware sending Plaintiffs home early, charging them with rule violations and, then, subjecting them to a START hearing were improper and the discipline resulting therefrom were illegal adverse actions within the meaning of 49 U.S.C. § 20109.

25. These illegal actions were also undertaken by NS to intimidate employees into following NS's illegal, improper instructions, further NS's illegal schemes, and to discourage reporting of safety issues freight car regulatory defects.

26. Plaintiffs have suffered financially and emotionally as a result of Defendants' violations. They are afraid of future retaliation and subsequent damages as a result of their protected activities and NS and the individual Defendants' illegal adverse actions taken against them.

27. The adverse actions noted above were taken, in whole or in part, by Defendants in retaliation for Plaintiffs' protected activities, as aforesaid, including Plaintiffs' multiple reports of safety hazards, statutory violations, and improper retaliation, as aforesaid, and for Plaintiffs' refusal to not violate federal safety statutes and rules relating to car inspections and bad ordering. These rules include, but are not limited to, those found in 49 C.F.R. Part 240. Plaintiffs' reporting

activities was a protected activity within the meaning of 49 U.S.C. § 20109. Defendants' adverse actions therefore constitute a violation of 49 U.S.C. § 20109.

28. On March 11, 2019, Plaintiffs filed a retaliation complaint with the Regional Administrator of Occupational Safety & Health Administration ("OSHA") pursuant to § 20109 of the FRSA and 29 C.F.R. Part 1982.

29. The Secretary of Labor had not issued a final decision by October 7, 2019, which was the 210th day following the filing of Plaintiffs' complaint.

30. On April 21, 2020, the OSHA Regional Administrator entered findings that stated, among other things, that there allegedly was no FRSA violation.

31. On or about May 5, 2020, Plaintiffs timely objected to the findings of the Regional Administrator and requested a hearing before the Office of Administrative Law Judges ("OALJ") of the U.S. Department of Labor and the case was assigned to the Honorable Monica Markley.

32. On July 26, 2021, Plaintiffs filed a statement with the OALJ and Judge Markley, giving notice of their intent to file this lawsuit in this Court.

33. As of the date of the filing of this complaint, the Secretary of Labor has not issued a final decision. The delay is not attributable to Plaintiffs.

## Cause of Action -- Retaliation
**(49 U.S.C. § 20109(a)&(b); 29 C.F.R. § 1982.102(b)(1))**

34. Plaintiffs adopt all factual allegations stated above as if stated herein.

35. NS, its officers, and/or its employees, including individual Defendants, Ware, Barnett, and Weatherman, took the adverse actions, as aforesaid, against Plaintiffs and retaliated against them, and said retaliation was due, in whole or in part, to Plaintiffs' lawful, good faith protected acts, as aforesaid.

36. As a result of Defendants' adverse actions, as aforesaid, Plaintiffs have lost wages and benefits and have also suffered from emotional distress, worry, fear, and humiliation because of the wrongful conduct.

**WHEREFORE, Premises Considered**, Plaintiffs respectfully request that this Honorable Court: (1) enter judgment in their favor and against Defendants; (2) award them compensatory damages for any and all damages they sustained as a result of the wrongful conduct; (3) award them punitive damages in an amount not to exceed $250,000.00; (4) award them litigation costs, expert witness fees, and reasonable attorney fees in the prosecution of this action; and (5) grant them any and all relief necessary to make them whole.

### *** Plaintiffs Request a Trial By Struck Jury***

Respectfully Submitted,

*/s/ D. James Jordan*
D. James Jordan (jjordan@adamsjordan.com)
Ga. Bar No. 404465
*/s/ Hannah E. Heltzel*
Hannah E. Heltzel (hheltzel@adamsjordan.com)
Ga. Bar No. 173528
ADAMS, JORDAN & HERRINGTON
P.O. Box 928

577 Mulberry Street, Suite 1250
Macon, GA 31202
478-743-2159
478-743-4938 (fax)

## **Request for Service by Certified Mail**

Plaintiffs requests that the Clerk immediately issue a summons pursuant to A.R.C.P. 4(i)(2) and F.R.C.P. 4(e)(1) for the Defendants to be served at the following address by certified mail at the following address:

Norfolk Southern Railway Company
c/o J. Steven Stewart, Registered Agent
577 Mulberry Street, #1500
Macon, GA 31201

Lewis Ware
c/o Sydney F. Frazier, Esquire
PHELPS DUNBAR LLP
2001 Park Place, Suite 700
Birmingham, AL 35203

Dianne Barnett
c/o Sydney F. Frazier, Esquire
PHELPS DUNBAR LLP
2001 Park Place, Suite 700
Birmingham, AL 35203

Stephen Weatherman
c/o Sydney F. Frazier, Esquire
PHELPS DUNBAR LLP
2001 Park Place, Suite 700
Birmingham, AL 35203

                */s/ D. James Jordan*
                D. James Jordan (jjordan@adamsjordan.com)
                Ga. Bar No. 404465
                */s/ Hannah E. Heltzel*
                Hannah E. Heltzel (hheltzel@adamsjordan.com)
                Ga. Bar No. 173528

ADAMS, JORDAN & HERRINGTON
P.O. Box 928
577 Mulberry Street, Suite 1250
Macon, GA 31202
478-743-2159
478-743-4938 (fax)