# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SHANE FOWLER and<br>KELVIN TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 1:21-CV-3303-MLB |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, DIANNE BARNETT, | ) | |
| STEPHEN WEATHERMAN, and | ) | |
| LEWIS WARE | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE STEVEN DANIELS' TESTIMONY

In their Opposition to the Motion, the Plaintiffs concede that in the exhibit containing excerpts of the testimony of Steven Daniels, the court reporter falsely stated that the Sworn Statement of Steven Daniels was "taken pursuant to notice and agreement" before Savannah court reporter Naomi McCracken.  In her recently filed Declaration, Ms. McCracken states that "I took the sworn statement, under oath, of Steven Daniels," but she affirms that the statement was not taken pursuant to notice and agreement, that assertion having been included "in error."  (Doc. 67-1) Moreover, the transcript of Daniels' statement of agreement with Tucker's question regarding his statement being given "under oath and penalty of perjury" was <u>not</u>

previously submitted in Doc. 59-5 containing the questions and answers selected by

Mr. Tucker for submission in opposition to the Motion.  Plaintiffs' do not dispute

that the Daniels' statement taken without notice on April 22, 2022, was not produced

to counsel for the Defendants until June 14, 2022, the day before the discovery cutoff

in this case.

As to the objectionable nature of his questions, Mr. Tucker all but concedes

the various grounds asserted in specific questions in the Motion to Strike by simply

referring to rule that the trial Court has broad discretion "on leading questions on

direct examination."  But the roadblock for the selected excerpts of Steven Daniels'

testimony is that the standard would allow the Court "to consider inadmissible

evidence that could be reduced to admissible evidence at trial or reduced to

admissible form."  Plaintiffs' Opposition, (Doc. 67), at page 4.  By reviewing the

specific questions referenced in the Defendants' Motion, however, the Court would

be fully justified in concluding that the questions and answers  may not be reduced

to admissible entries in any form:

On page 25, Mr. Tucker asks Daniels:  "Would you agree that [supervisor

Lewis Ware] had harassed and threatened and attempted to intimidate employees

about making -- putting bad order tags on actual bad orders?"  This broadly leading

question calls for a legal conclusion and opinion which is unrelated to any specific

employee or to any time, place, or identifiable train car defects.  The question and

- 2 -

the follow-up "Was that a form of retaliation?" has no place in a case where Plaintiffs are arguing for a specific form of retaliation involving the Plaintiffs' failure to comply with a federal Blue-Flag safety rule.

On line 20 of page 25, Tucker asks Daniels:  "Did it appear to you that Ware gave Fowler and Taylor more nit-picky kind of duties appearing as if he were retaliating against them because they were trying to do their job right?"  The question is clearly leading, suggestive and calls for an opinion and legal conclusion, therefore Daniels' answer is irrelevant and inadmissible.

On page 26, Tucker questions Daniels about his own Blue-Flag violation, the occurrence of which Daniels freely admitted.  Tucker then asks the following on line 23 with reference to Daniels' failure to comply with the rule:  "Were you trying to help them get their train out?"  Daniels' answer in the affirmative suggests that it is acceptable to violate a federal safety rule in order to expedite train departures, which is exactly the excuse offered by the Plaintiffs Fowler, Taylor, and their counsel.  The question and Daniels' answer are grossly inadmissible.

On page 35, line 1, Tucker asks Daniels about any instructions Daniels may have received regarding the Movement Protection bulletin:  "Okay, so you received no instruction on this other than just seeing a copy of it?"  Regardless of any answer which Daniels gave or could give, the question and answer are completely irrelevant given Shane Fowler's detailed deposition testimony on the extent to which he and

Kelvin Taylor were trained by Lewis Ware to use the new movement protection procedure within the confines of Blue Flag protection which was not present at Mason Yard on November 14, 2018. *See* quoted deposition transcript in Response Brief (Doc. 61, pages 2, 3 and 4).

On line 17 of page 35, the question is as follows: "Was it your understanding that that [Movement Protection] bulletin as it applied to the carmen, could be used instead of the Blue Flag involved if there were no Blue Flags available?  A.  To me, that's what it's saying.  Q.  Was that your understanding of -- is that essentially what Fowler and Taylor thought, also?  A.  Yes, when they went over to Mason."  The questions are leading, suggestive, and call for inadmissible opinions and conclusions from Daniels, and not on facts within Daniels personal knowledge.   Both the questions and answers should be given no consideration on summary judgment.

Page 39, Mr. Tucker asks Daniels if he knows "that other carmen had done the exact same thing?  A.  Of course.  Q.  Alright.  But did any of them get in trouble?  A.  No.  Q.  Is that because Ware was trying to retaliate against Lewis and -- A.  He said something out against them.  It was -- it was – that's second shift.  It's different.  Q.  Were you aware that they overheard Lewis Ware telling the Transportation Department supervisor that it was Dianne Barnett's idea that she -- they had set them up?  A.  Outside the bathroom, yeah.  Him and that supervisor standing out there."  Aside from what he may have been told by Fowler or Taylor, there is not a shred of

evidence that Steven Daniels was present and could have overheard the alleged and entirely disputed conversation referred to in the question, and which calls for a legal conclusion regarding hearsay on the part of Lewis Ware.  This testimony on the subject is clearly inadmissible, as is the question on line 24 of page 39:  "Sounds just like what they [Barnett and Ware] would do?

For all of these reasons, the Court should strike all of the Daniels Statement excerpts.

Submitted this 23rd day of January, 2023.

/s/ *Sydney F. Frazier, Jr.*
Sydney F. Frazier, Jr.
(Admitted *Pro Hac Vice*)

/s/ *Crawford S. McGivaren, Jr.*
Crawford S. McGivaren, Jr.
(Admitted *Pro Hac Vice*)

/s/ *Desharne Carroll*
Desharné Carroll (Georgia Bar No. 913658)
PHELPS DUNBAR LLP
2001 Park Place North, Suite 700
Birmingham, Alabama  35203
E-Mail:   Sydney.Frazier@phelps.com
             Crawford.McGivaren@phelps.com
             Desharne.Carroll@phelps.com

*Counsel for Defendants*
Norfolk Southern Railway Company,
Lewis Ware, Dianne Barnett, and
Stephen Weatherman

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF System which will send electronic notification of such filing to the following attorneys for Plaintiff:

D. James Jordan, Esq.
Hannah E. Heltzel, Esq.
ADAMS, JORDAN, & HERRINGTON
577 Mulberry Street, Suite 1250
Macon, GA 31202
jjordan@adamsjordan.com
hheltzel@adamsjordan.com

William C. Tucker, Jr., Esq.
J. Tom Walker, Esq.
MAPLES, TUCKER & JACOBS LLC
2001 Park Place North
Suite 1325
Birmingham, AL  35203
bill@mtandj.com
tom@mtandj.com

/s/ Desharne Carroll
OF COUNSEL

PD.40972126.1